Order Form (01/2005)

## United States District Court, Northern District of Illinois 

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11-cv-4713 | **DATE** | 1/10/12 |
| **CASE TITLE** | United States v. Sunderlage | | |

**DOCKET ENTRY TEXT**

The Government moves for an award of costs for expenses incurred in making service upon Defendant Maven U.S. LLC, as well as an award of costs and fees incurred in litigating this motion. The Government's Motion [52] is denied. See statement below.

■ [ For further details see text below.]    Docketing to mail notices.

### STATEMENT

The Government seeks to be awarded the costs incurred in effectuating formal service of summons upon Defendant Maven U.S. LLC pursuant to Federal Rule of Civil Procedure 4(d)(2). According to the Government's Motion, Maven U.S. LLC is an unincorporated association, subject to service under Rule 4(h) of the Federal Rules of Civil Procedure. The Government requested Maven U.S. LLC waive service to avoid unnecessary expenses, which is permitted under Rule 4(d) of the Federal Rules of Civil Procedure. The Government contacted Maven U.S. LLC's registered agent, Leah Bytheway, by phone and mail to request the waiver. (Mot. ¶¶ 1, 3). Maven U.S. LLC refused to provide the Government with a waiver of service. (*Id.* ¶ 4).

In their Response, Maven U.S. LLC argues it had good cause to refuse to waive formal service. When the Government requested waiver, it requested waiver of service by "Maven U.S. LLC *d/b/a Maven LLC*." (Mot., Exhibit C (emphasis added)). According to Maven U.S. LLC, Maven LLC is a corporation in the West Indies; Maven U.S. LLC does not do business as this foreign entity and does not hold itself out to be Maven LLC.

The Federal Rules of Civil Procedure provide that certain parties have "a duty to avoid unnecessary expenses of serving the summons." Fed. R. Civ. P. 4(d)(1). A plaintiff may request the defendant waive service of a summons, provided the request: (1) is dated, in writing and addressed to the defendant via first-class mail or other reliable means; (2) names the court where the complaint was filed; (3) provides copies of the complaint, waiver form, and a prepaid means of returning the waiver; (4) informs the defendant of the consequences of waiving or not waiving service; and (5) gives the defendant a reasonable time to complete the waiver. *Id.* A defendant is not required to waive service of the summons. However, if a defendant in the United States fails to sign and return a waiver requested by a plaintiff in the United States without good cause, "the court must impose on the defendant: (A) the expenses later incurred in making service; and (B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses."

# STATEMENT

Fed. R. Civ. P. 4(d)(2). The Committee Notes for Federal Rule of Civil Procedure 4 further provide "[a] defendant failing to comply with a request for waiver shall be given an opportunity to show good cause for the failure, but sufficient cause should be rare." In matters relating to service of process and waiver, the determination of whether good cause exists is within the discretion of the trial court. *See Troxell v. Fedders of North America, Inc.*, 160 F.3d 381, 383 (7th Cir. 1998).

Maven U.S. LLC argues it should not be required to pay the costs for its service of summons. Maven U.S. LLC instead explains it had good cause not to agree to waive service; the party the Government attempted to serve was not Maven U.S. LLC, but a different entity, with a different registered agent. *See* Def. Maven U.S. LLC's Rule 12(b)(5) Motion to Dismiss for Insufficient Process or Service, Dkt. No. 40, ¶ 3. The Government believes this is simply an excuse and does not constitute "good cause" under Rule 4(d)(2). Maven U.S. LLC does not do business as Maven LLC or hold itself out to be Maven LLC; there is no showing it would have had the authority to waive service on behalf of Maven LLC and could have been in violation of the Federal Rules for Maven U.S. LLC to agree to waiver of service for Maven LLC. Indeed, when the summons was ultimately served properly on Maven U.S. LLC, it had no reference to Maven U.S. LLC doing business as another entity. Maven U.S. LLC had sufficient cause not to waive service in this instance. While the Federal Rules of Civil Procedure discourage the undue expense of formal service when possible, the Rules also require the proper designation of parties in suits.

For the reasons set forth above, the Government's Motion for Costs for Failure to Waive Service on the part of Maven U.S. LLC is denied.